IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SHARRON MARIE GLOVER,            )
                                 )
                Plaintiff,       )
                                 )
        v.                       )    1:12CV372
                                 )
SOCIAL SECURITY ADMINISTRATION,  )
Retirement, Survivors and        )
Disability Insurance,            )
                                 )
                Defendant.       )

**MEMORANDUM OPINION, ORDER AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Docket Entry 1), filed with Plaintiff's pro se form Complaint (Docket Entry 6). The Court will grant Plaintiff's request to proceed as a pauper for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2), as frivolous, for failing to state a claim, and/or due to Defendant's immunity.

LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours

& Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In assessing such matters, this Court may "apply common sense." Nasim, 64 F.3d at 954; see also Nagy, 376 F.3d at 256-57 ("The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the

2

totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(e)(2)(b)(ii), when the complaint does not "contain sufficient <u>factual matter</u>, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u> In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." <u>Id.</u>[1]

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read <u>Erickson</u> to undermine <u>Twombly</u>'s requirement that a pleading contain more than labels and conclusions," <u>Giarratano v. Johnson</u>, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord <u>Atherton v. District of Columbia Off. of Mayor</u>, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere

3

The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) applies when doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity).

## DISCUSSION

Plaintiff's Complaint lacks sufficient, coherent factual allegations to support any claim against Defendant. (See Docket Entry 6.) After the type-written line on the form Complaint soliciting a description of the "acts" which "this suit concerns" (id. at 2), Plaintiff wrote:

> Denial Notice oF Disapproved Claim For Social Security Disability Benefits. Discrimination - Libelism Slanderism Humiliation prejudice DeFamation oF character.
>
> I Sharron Marie Glover are and is with disability via Rules and Regulations codes of Social Security Disability Administration via Ruling 60/40 Overture. False Claims Acquisitions misInFormation, misleading medicaid medicare Fraud. Date 12/05/2011 Duke University Medical Center report. Date 09/30/1998 typed on claim number XXX-XX-2002 January 04, 2012 Report on Last date insured For disability benefits Fraud I Sharron Marie Glover was born disabled (disability) established before 09/30/1998. Claim States condition not disabling. Acquisitions

---

possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

> False.  There was False claim of mental condition not
> disabling not severe.  Dismissal charge was not Guilty NO
> mental condition.  Medicaid Medicare Fraud by the
> Government proven.  Social Security Act prohibits
> Discrimination via Declaration of Independence via Bill
> of Rights via Articles est est [sic].  Compensation
> Emancipation proclamation Act I Sharron Marie Glover
> Demand Request Jury Trial Immediately via Ruling 60/40[.]

(<u>Id.</u> at 2-3 (errant capitalization and punctuation in original).)

In the space beneath the form Complaint's type-written words, "I seek the following relief" (<u>id.</u> at 4), Plaintiff wrote:

> Correction oF all False misleading Fraudulent
> Acquisitions.  Double Jeopardy multi criminal claims via
> Tort claims compensations, Awards petaining [sic] to
> Denial Discrimination claims est.
>
> Time, pain, Suffering, Transportation, uniform Act LAWS
> Governing National State Local county Rural Federal,
> Federal Way Indian Tribunal, proclamation of Independence
> (est [sic]) all LAWS purtaining [sic] to Immigration
> victim civil rights of Social Security Disability Rights
> Act.  Relief compensation of Prayer in God We Trust Amen
> est est [sic].

(<u>Id.</u> (errant capitalization and punctuation in original).)

Although the above-quoted language from the Complaint mentions a "Denial Notice oF Disapproved Claim For Social Security Disability Benefits" (<u>id.</u> at 2), given all the other convoluted verbiage in the Complaint about discrimination, defamation, fraud, torts, and even criminal and immigration matters (<u>id.</u> at 2-4), as well as the Complaint's explicit invocation of jury trial rights, compensation, the Declaration of Independence, the Bill of Rights, and the Emancipation Proclamation (<u>id.</u> at 3), the Court cannot conclude that Plaintiff seeks the limited judicial review afforded

5

a disability claimant who challenges a benefits determination by the Social Security Administration, see generally Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). Moreover, to the extent Plaintiff wishes to institute such an action, her Complaint does not adequately identify when any adverse administrative decision occurred[2] or the basis on which she seeks relief (i.e., did the Social Security Administration lack substantial evidence for its ruling and/or fail to apply a correct legal standard).

Nor has Plaintiff alleged any (much less sufficient) factual matter to state any tort-type cause of action. Indeed, given the pleading standard set by Twombly and Iqbal, Plaintiff's conclusory claims of wrong-doing by the Social Security Administration so lack any legal basis that they qualify as frivolous. Finally, to the extent Plaintiff attempts to recover damages, "[her] allegations . . . cannot proceed because [s]he sued only the Social Security Administration, and . . . a suit for damages against the United States without its consent is barred by the doctrine of sovereign immunity." Campbell v. Social Sec. Admin., 446 Fed. Appx. 477, 482 (3d Cir. 2011); accord Jost v. Oregon, No. 90-35525, 923 F.2d 862 (table), 1991 WL 3300, at *1 (9th Cir. Jan. 17, 1991) (unpublished) ("The district court dismissed this action against the Social

---

[2] The dates that do appear in the Complaint do not refer to any benefits determination by the Social Security Administration, but instead seem to reference a "Duke University Medical Center report," an unspecified "claim," and a "Report on Last date insured For disability benefits." (Docket Entry 6 at 3.)

6

Security Administration for several reasons, including that . . . [42 U.S.C. § 405(h)] declines to waive immunity to suits for compensatory damages for actions taken by the Social Security Administration. We hold that these bases of decision are correct . . . ."); Cano v. Commissioner of Soc. Sec. Admin., C/A No. 8:10-2400-JFA-BHH, 2010 WL 4780056, at *3 (D.S.C. Sept. 21, 2010) (unpublished) ("[E]ven if this case is treated as one brought under the Federal Tort Claims Act (FTCA), the Social Security Administration is entitled to summary dismissal on the basis of sovereign immunity."), recommendation adopted, 2010 WL 4774775 (D.S.C. Nov. 16, 2010) (unpublished).

**IT IS THEREFORE ORDERED** that Plaintiff's instant Application to Proceed in District Court without Prepaying Fees or Costs (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2), as frivolous, for failing to state a claim, and due to the immunity of Defendant.

                                                                      /s/ L. Patrick Auld
                                                                     **L. Patrick Auld**
                                     **United States Magistrate Judge**

May 14, 2012